**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov**

In re:

RENE PIEDRA,

    Debtor.
_____/

BARRY E. MUKAMAL, Chapter 7 Trustee,

    Plaintiff,

v.

RENE PIEDRA,

    Defendant.
_____/

Case No. 09-32523-BKC-LMI

Chapter 7

Adv. Pro. No. _____

**TRUSTEE'S COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

Plaintiff, Barry E. Mukamal, as Chapter 7 Trustee (**"Mukamal"** or **"Trustee"**), by and through undersigned counsel, brings this action against the Debtor, Rene Piedra (the **"Debtor"**), seeking to deny the Debtor's discharge under 11 U.S.C. §727 (a)(2), (a)(3), (a)(4), (a)(5), and (a)(7), and as grounds therefore, alleges as follows.

**PARTIES, JURISDICTION AND VENUE**

1.    This is an adversary proceeding brought pursuant to Fed.R.Bank.P. 7001(4) and 11 U.S.C. §727(a) seeking to deny the discharge of the Debtor.

2.    This adversary proceeding is one arising in the Debtor's Case No. 09-32523-BKC-LMI under Chapter 7 of Title 11 now pending in this Court. The court has jurisdiction in this proceeding pursuant to 28 U.S.C. §1334(b), §157(b)(2)(J) and 11 U.S.C. §727(c). It is a core proceeding.

3. Mukamal is the duly appointed Chapter 7 Trustee in this case.

4. The Defendant, Rene Piedra, is the Debtor in this Chapter 7 case. He filed his voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code on October 19, 2009 (the **"Petition Date"**).

5. The Trustee conducted an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of the Debtor on May 6, 2010 (the **"2004 Examination"**) but due to the large amounts of material to cover, was unable to complete the examination and the examination has been continued to another date.

6. All conditions precedent to the filing of this action has occurred.

## GENERAL ALLEGATIONS

7. Prior to filing for bankruptcy, the Debtor was the sole owner of Rene Piedra and Associates, P.A. (the **"P.A."**), which also separately filed for bankruptcy on June 5, 2008.[1] The P.A. was a dental practice specializing in sedation dentistry. The Debtor was the chief dentist in a practice that was touted as the largest sedation dental practice in the United States.

8. The Trustee's forensic analysis of the P.A.'s books, records, and certain bank statements reveals that disbursements, in the amount of approximately $2.3 million, were distributed by the P.A. to the Debtor over a four year period of 2004 to 2008. Specifically, these disbursements were recorded in the P.A.'s book as Distributions $1,848,274.59, Advance $106,058, Dentist Payroll $342,882.21, Due from Aero Bridge $1,000, and Disbursements to MBNA for a personal credit card account $15,348.19.

9. The Trustee has repeatedly asked the Debtor to provide any and all relevant documents, in an attempt to accurately trace how the Debtor, prior to filing for bankruptcy, spent

---

[1] On February 9, 2009, the Court converted the P.A.'s case to a Chapter 7.

2

or disbursed the $2.3 million he received over the course of the four year period from 2004 to 2008.

10. To date, the Debtor has only provided some of the documents in piece-meal fashion. The minimal documents received do not satisfactorily explain the dissipation of the approximately $2.3 million the Debtor received from the P.A. Despite several requests for a complete production of all necessary documents, the Debtor has not done so. In fact, the Debtor has completely failed to respond to any of the Trustee's recent requests for additional necessary documents and information.

11. Specifically, the Trustee has asked the Debtor to provide information relating to the issuance of checks, including a "checks register," to properly ascertain who the payees were of certain transfers and payments. To date, no "checks register" has been provided.

12. The Debtor also lists a certain "SunTrust Checking Account" with a value of $1,200.00 in "Schedule B" in his "Summary of Schedules" outlining his assets and liabilities [D.E. 18]. On several occasions, the Trustee has asked the Debtor to provide banks statements regarding this SunTrust Checking Account. To date, the Debtor has failed to provide any bank statements.

13. Prior to the Petition Date, the Debtor transferred certain sums of money from his Wachovia Account ending in "2079" to another Wachovia bank account ending in "5517." In order to properly ascertain what the Wachovia bank account ending in "5517" is, the Trustee has repeatedly asked for bank statements or any other information regarding this account. Again, the Debtor has failed to respond to any of the requests.

14. Further, it appears that the Debtor was transferring money to an Oppenheimer account. As a result, the Trustee has requested the Debtor's Oppenheimer statements for the

four-year period preceding the Petition Date. Similarly, the Debtor seems to have been making payments for life insurance with Metlife. In connection, the Trustee has requested statements relating to Metlife. To date, the Debtor has not responded to or provided the above-requested information for either the Oppenheimer or Metlife statements.

15. The Trustee has also requested all credit card statements relating to monthly payments to Citicard during the four year period prior to filing for bankruptcy. Again, the Debtor has not provided this information.

16. Further, through discovery and during the 2004 Examination, the Trustee avers that the Debtor knowingly and fraudulently lied about being "domestic partners" with Indira Blyskal for the purpose of receiving improper health care benefits. In the "Bluecross BlueShield of Florida Affidavit of Domestic Partnership" ("**Affidavit**"), the Debtor fraudulently listed a mailing address (with a P.O. Box) as the place of residence, lied about having a child that does not exist (Rene Piedra), and lied about living with Indira Blyskal for the twelve month period of May 31, 2007 to May 31, 2008. When asked at the Rule 2004 Examination, the Debtor acknowledged the authenticity of his signature but simply alleged that he could not recall signing the Affidavit.

17. On information and belief, the Trustee additionally avers that significant amounts of money were transferred from both the Debtor's accounts and the P.A.'s accounts to certain Church of Scientology related entities, under the guise of charitable donations, in an attempt to defraud creditors of certain money owed.[2]

18. Without the aforementioned information and documents, it is not possible for the Trustee to properly conduct a forensic analysis of the Debtor's financial situation. The Trustee

---

[2] The Chapter 7 Trustee in the P.A. bankruptcy case filed Adversary Complaints against various Church of Scientology related entities on December 10, 2009, January 7, 2010, and June 3, 2010.

has requested this information repeatedly. The Debtor has not provided any of the above-listed documents or even responded to any of the requests. In addition, the Debtor has not been able to satisfactorily explain any information pertaining to the bank accounts or the usage of money prior to his filing for bankruptcy.

### COUNT I
Objection to Discharge under §727(a)(2)

19. The Trustee objects to the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(2) and incorporates all the allegations in paragraphs 1 through 18 in this count.

20. With the minimal information and documentation the Trustee has received, the Trustee avers that the Debtor regularly wrote checks and transferred certain amounts of funds from his bank accounts to other payees or other accounts within one year before the date of the Petition Date.

21. The Debtor made these transfers in an attempt to conceal his assets from other creditors. In particular, the Debtor made significant contributions to the Church of Scientology, under the guise of charitable donations, for the sole purpose of hindering, delaying, and defrauding other creditors.

22. Further, the Trustee continues to investigate to determine if the Debtor received improper health insurance benefits by knowingly and fraudulently providing incorrect information on the Affidavit. If this were the case, the Debtor would have purposely defrauded a potential creditor, in Blue Cross, which would have a claim against the Debtor.

23. The Debtor has made no attempt to rebut either of these presumptions by providing the requested documentation which would allow the Trustee to conduct a proper forensic analysis of the purposes behind these transfers and the circumstances surrounding the Affidavit.

WHEREFORE, the Trustee seeks the entry of a judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(2) and grant the Trustee any other relief this Court deems just and proper.

## COUNT II
Objection to Discharge Under §727(a)(3)

24. The Trustee objects to the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(3) and incorporates all the allegations in paragraphs 1 through 18 in this count.

25. According to various bank statements, the Debtor regularly withdrew or wrote checks for significant amounts of funds from his checking account.

26. The Debtor has an affirmative duty to 'maintain and retain' comprehensible records in order to ensure that the creditors will have sufficient information to permit an effective valuation of the Debtor's estate, which is a condition precedent to the granting of a discharge.

27. In the present case, when the Trustee requested documentations as to how the withdrawn funds were spent, the Debtor either did not provide any of the documentation or advised that they would later produce (which they have not). Further, the Debtor has failed to respond to several of the Trustee's request for such documentation.

28. The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transaction with respect to the spent funds may be ascertained.

WHEREFORE, the Trustee seeks the entry of a judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(3) and grant the Trustee any other relief this Court deems just and proper.

## COUNT III
Objection to Discharge Under §727(a)(4)(D)

29. The Trustee objects to the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(4)(D) and incorporates by reference all the allegations in paragraphs 1 through 18 in this count.

30. The Debtor, knowingly and fraudulently, in connection with this case, withheld from the Trustee recorded information, including books, documents, records, and papers, relating to Debtor's property or financial affairs.

31. The Trustee has, on multiple occasions, requested information regarding the Debtor's bank statements, checks registers, life insurance, and other related matters, and the Debtor has failed to provide any documentation or even a response.

WHEREFORE, the Trustee seeks the entry of a judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(4)(D).

## COUNT IV
Objection to Discharge Under §727(a)(5)

32. The Trustee objects to the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(5) and incorporates by reference all the allegations in paragraphs 1 through 18 in this count.

33. Based upon financial statements and checking account information provided, the Trustee avers that the Debtor wrote checks and disbursed funds from the $2.3 million he received from the P.A. to various payees. By way of example, the Debtor wrote checks in the aggregate amount of approximately $1,000,000 from the Wachovia Account ending in "2079" to various payees.

34. The Trustee has requested that the Debtor produce documents which would explain both the issuance of checks and disbursement of funds from the approximate $2.3 million, but the Debtor has failed to produce these documents. As previously mentioned, the Debtor has completely stopped responding to any of the Trustee's requests.

35. The Debtor has failed to explain satisfactorily any usage or loss of assets or deficiency of assets to meet the Debtors' liabilities.

WHEREFORE, the Trustee seeks the entry of a judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(5).

### COUNT V
Objection to Discharge Under §727(a)(7)

36. The Trustee objects to the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(7) and incorporates by reference all the allegations in paragraphs 1 through 18 in this count.

37. The Debtor has committed the same acts under Section 727(a)(2), (3), (4), and (5), in the separate Chapter 7 case of Rene Piedra and Associates P.A. (**"Piedra P.A."**), Case No. 08-17533-LMI, by transferring significant sums of money to Church of Scientology related entities for the purpose of defrauding other creditors while not maintaining adequate recorded information to satisfactorily explain the dissipation of assets.

38. The Debtor was the sole shareholder and chief sedation dentist of the Piedra P.A. As a result, he is deemed an "insider" for purposes of §727(a)(7).

39. In connection with the Debtor's objectionable acts, the Chapter 7 Trustee of Case No. 08-17533-LMI has entered into a Settlement Agreement with the Church of Scientology for the sum of $350,000.00.

8

40. The Debtor's discharge should be denied due to his misconduct in a substantially contemporaneous related bankruptcy case.

WHEREFORE, the Trustee seeks the entry of a judgment denying the Debtor's discharge pursuant to 11 U.S.C. §727(a)(7).

    Respectfully submitted,

    GRAYROBINSON, P.A
    Attorneys for the Trustee
    1221 Brickell Avenue, Suite 1650
    Miami, FL 33131
    frank.terzo@gray-robinson.com
    Telephone:    (305) 416-6880
    Facsimile:    (305) 416-6887

By: __/s/ Frank P. Terzo_____
    Frank P. Terzo, Esq.
    Florida Bar No. 906263